BROWN AND SEELYE PLLC
Ellen Ann Brown Esq.
Susan H. Seelye Esq.
744 South Fawcett Ave
Tacoma, WA 98402
Telephone   253-573-1958
Facsimile    253-274-1200

HONORABLE MARY JO HESTON
HEARING DATE: April 25, 2019
TIME: 1:00 pm

Chapter 13
Tacoma, WA

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT COURT OF WASHINGTON

Re

**CYNTHIA ALICE CICHY**
**ATHENA ANN ELROD**

**Debtor(s)**
_____

In Chapter 13 Proceeding
No. 19-40585-MJH

**RESPONSE TO OBJECTION TO CONFIRMATION**

COMES NOW the above-referenced debtor(s) through their attorneys of record and states:

Debtors filed their schedules in good faith and were unaware of the actual amount of student loans and which student loans would be filed so truthfully answered that the amount was "unknown."  Although the Debtors are over the limit of 109(e) the Debtors request that they be allowed to stay in the current Chapter 13 Plan.

Pursuant to § 1307(c), "the court may convert a case under . . . chapter [13] to a case under chapter 7 of this title, or may dismiss a case under . . . chapter [13], whichever is in the best interests of creditors and the estate, for cause . . .." 11 U.S.C. § 1307(c). When ruling on a motion to dismiss, the threshold issue is whether "cause" exists. If cause does not exist, then the motion must be denied. See In re Nelson, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006). If cause does exist, then the court has discretion to either dismiss or convert the case, whichever is in the best interests of creditors and the

estate. Id.  The express language of § 1307(c) does not require the Court to dismiss a case in which a debtor exceeds the § 109(e) unsecured debt limit. The Debtors exceed the unsecured debt limit solely as a result of educational debt.  Dismissing the case would not advance the Congressional intent behind the debt limits, and doing so would only hinder the principal purpose of the Bankruptcy Code- to grant a "fresh start" to the "honest but unfortunate debtor."  *Marrama v. Citizens Bank of Mass, 549 us 365, 367 (2007).*

By not dismissing the case advances the interest of the creditors and the estate.  The alternative would be to bifurcate the case into two separate Chapter 13 cases as the educational loans were acquired prior to marriage and individually each debtor would be within the unsecured debt guidelines.  However, this would lessen the pool to unsecured creditors as just the no look fee prior to confirmation alone on the second case is $4000.00, as well as the time and fees incurred to bifurcase the current case. The payment between the two cases would still be the income minus expenses so would equal the same monthly amount to creditors but merely paid through two separate cases, and there will be a delay in confirmation due to the bifurcation process.

Should the court deny the case to go forward due to the debt limit under 109(e) it is requested that the Trustee's Objection be continued to the May 16, 2019 calendar in order for Debtors to either bifurcate the case or dismiss one or both debtors.

It is requested that the Objection to Confirmation be Denied and requested that the Plan be confirmed.

Dated April 19, 2019

/s/ Ellen Ann Brown
_____
ELLEN ANN BROWN WSB#27992
Attorneys for Debtor(s)